**Richard GOODWIN, Petitioner–Appellant,**

**v.**

**UNITED STATES of America, Respondent–Appellee.**

**No. 14–3551.**

United States Court of Appeals, Seventh Circuit.

Submitted April 21, 2015.*

Decided April 22, 2015.

Carol A. Brook, William H. Theis, Attorneys, Office of the Federal Defender Program, Chicago, IL, for Petitioner–Appellant.

---

* After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the

Katherine Sawyer, Attorney, Office of the United States Attorney, Chicago, IL, for Respondent–Appellee.

Before WILLIAM J. BAUER, Circuit Judge DIANE S. SYKES, Circuit Judge JOHN DANIEL TINDER, Circuit Judge.

### ORDER

Richard Goodwin filed a motion under 28 U.S.C. § 2255 seeking to vacate his sentence under the Armed Career Criminal Act. 18 U.S.C. § 924(e). In 2003 a jury found Goodwin guilty of possessing a firearm as a felon. *See id.* § 922(g)(1). At sentencing the district court pointed to three previous felony convictions and sentenced him as a career offender to 235 months' imprisonment. *See id.* § 924(e)(1). Goodwin appealed, and we affirmed the conviction but remanded for the district court to consider only whether it would have imposed the same sentence in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The district court said on remand that it would have imposed the same sentence, and we affirmed. *United States v. Goodwin,* 173 Fed.Appx. 506 (7th Cir. 2006).

In 2013 Goodwin filed a motion under § 2255 asserting violations of his Fifth and Sixth Amendment rights when the court relied on the three prior felony convictions to sentence him as a career offender without having a jury find the fact of the convictions beyond a reasonable doubt. *See Alleyne v. United States,* —— U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). The district court denied his motion, concluding that under *Almendarez–Torres v. United States,* felonies that form the basis for a § 924(e)(1) sentence en-

---

briefs and record. *See* FED. R.APP. P. 34(a)(2)(C).

hancement need not be found by a jury. 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). A few days later the judge issued a certificate of appealability.

On appeal Goodwin concedes that *Almendarez–Torres* forecloses his argument, and so he seeks merely to preserve the issue for review in the Supreme Court. We have many times stated that the rule announced in *Almendarez–Torres* was not changed by *Alleyne* and remains good law. *See United States v. Long,* 748 F.3d 322, 329 (7th Cir.2014); *United States v. John-son,* 743 F.3d 1110, 1111 (7th Cir.2014); *United States v. Boyce,* 742 F.3d 792, 799 (7th Cir.2014). We are bound by *Almendarez–Torres* and leave to the Supreme Court whether to revisit that decision.

AFFIRMED.